**YUE RONG LIAN, Petitioner,**

v.

**U.S. DEPARTMENT OF JUSTICE, Attorney General & Immigration and Naturalization Service, Respondents.**

No. 04–1352–ag.

United States Court of Appeals, Second Circuit.

April 25, 2006.

Yue Rong Lian, Starkville, Mississippi, for Petitioner, pro se.

Gregory A. White, United States Attorney for the Northern District of Ohio, James L. Bickett, Assistant United States Attorney, Akron, Ohio, for Respondent.

PRESENT: Hon. WALKER, Jr., Chief Judge, Hon. JON O. NEWMAN, and Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Yue Rong Lian, *pro se*, petitions for review of the BIA decision denying her motion to reconsider the BIA's decision denying her motion to reopen her immigration proceedings. In a previous decision, the BIA denied Lian's appeal from an Immigration Judge's ("IJ") decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of Zhao's motion under the abuse of discretion standard. *Zhong Guang Sun v. U.S. Dep't of Justice*, 421 F.3d 105, 107 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001). Because Lian's petition for re-

view is timely only from the BIA's denial of her motion to reconsider, we will not review the BIA's denial of her appeal or the denial of her motion to reopen. *Id.* at 90.

Motions to reconsider must be filed within 30 days of the decision the movant is seeking to challenge. 8 C.F.R. § 1003.2(b)(2). The motion to reconsider was filed in December 2003, and thus, was not timely with respect to the denial of her merits appeal in June 2002. Accordingly, the BIA did not abuse its discretion in determining that Lian's motion to reconsider was timely only with respect to the denial of her motion to reopen. Furthermore, the BIA did not abuse its discretion in denying her motion to reconsider for failing to raise any errors of fact or law in the BIA's denial of her motion to reopen. *See* 8 C.F.R. § 1003.2(b)(1).

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).